ELIJAH W. CARPENTER, Respondent, *against* CALEB NICKERSON, Appellant.

(Decided January 7th, 1878.)

Where the defendant having sold goods for plaintiff's account sent him an account of the sales, and the plaintiff called several times at the defendant's place of business for the purpose of getting further explanations in regard to it without seeing the defendant, and afterwards, on seeing the defendant, was paid something on account and promised a more detailed statement of the sales, showing the names of the persons to whom they had been sold, etc., and the plaintiff waited a long time for such further statement, and wrote for it, but it was not sent:—*Held*, that the first account sales furnished to the plaintiff by the defendant had not, by the action of the parties in regard to it, been made an account stated

APPEAL by the defendant from an interlocutory order made at special term by Judge LARREMORE, directing an accounting by the defendant of the proceeds of certain goods sold by the defendant for the account of the plaintiff.

The question litigated was, whether there had been an account stated between the plaintiff and the defendant.

The evidence which it was claimed by the defendant showed an account stated is set forth in the opinion.

*H. M. Whitehead*, for appellant.

*E. D. McCarthy*, for respondent.

CHARLES P. DALY, Chief Justice.—This case rested upon the testimony of the plaintiff and defendant, which was, to a large extent, conflicting, for all that the defendant's clerk swore to in respect to the account was, that he made out the account marked Exhibit No. 2, and delivered it, as he thought, to the plaintiff, but was not positive, and that he had no recollection that he saw the plaintiff afterwards.

So far as the plaintiff and the defendant are in conflict, their respective credibility was for the consideration of the judge who tried the cause ; and as he saw the two witnesses and heard them testify, he was more competent to determine which of the two was to be believed than we could possibly be, having merely the transcript of the evidence before us.   As he rendered a judgment for an accounting, we must infer that he believed the testimony of the plaintiff, and his testimony plainly shows that there never was an account stated; which would be conclusive upon the plaintiff.   An account stated exists where an account is rendered, examined and accepted by both parties, and this acceptance may be implied from circumstances.   If the party receiving it keeps it by him and makes no objection within a reasonable time, his silence will be considered as an acquiescence in its correctness, and he will be bound by it as a stated account (*Lockwood* v. *Thorne,* 11 N. Y. 173, 174, and cases there cited) ; but this was not such a case.

The plaintiff testifies that he applied for an account on the last of August, 1875, and the book-keeper promised to make it out, the plaintiff saying he would call in a day or two for it; that he kept going there every two or three days for more than a month, and was put off with excuses ; that he finally told the book-keeper to send it to him ; and that early in October he received the account, marked Exhibit No. 1, and dated October 4th, 1875.   That he called two or three times but did not see the defendant until the 11th of October, when the defendant paid him $2,900, on account, telling him that there were $600 not yet collected.   That the plaintiff then told him he wanted the account of sales, with the dates of sales and the names of the persons to

whom the defendant had sold the fish, there being no dates nor names in the account he had received; and he says the defendant promised that he would make out a bill to that effect, and that he, the plaintiff, told him that he would call for it; that he did so a number of times; but that the defendant never had time to make it out; and that finally he told the plaintiff when he did make it out to send it to him, and that some time in the following November he received the account marked Exhibit No. 2, which was not in accordance with his request; for although the dates of the sales are given in that account, the names of those who bought the fish are not. That he did not see the defendant, as he, the plaintiff, was taken sick, and did not go out after that; but that during the winter wrote to the defendant two or three times; the substance of the letters being, that he wanted to see the defendant in reference to the settlement of the account. That to these letters he got no answer, but in reply to a letter sent in the following May the defendant called, when the plaintiff told him that he wanted to see him in relation to the mackerel, because he saw that the account of sales did not agree with what the defendant had told him he had sold the mackerel for; that he wanted an explanation respecting this discrepancy, and also in relation to the storage and the cartage, to both of which he made specific objections, which I need not here enumerate. That the defendant admitted that there might be some mistake in respect to the storage; that he would go home and ascertain, and would then come back and explain on the next Saturday; after which, a conversation occurred in respect to the defendant taking notes from one of the purchasers, giving him an extension of time, an act which the plaintiff repudiated as having been done without his authority, and the defendant, he says, took the notes back with him, saying he could collect 75 cents on them. The plaintiff swore that he told the defendant then that the account was not satisfactory, and that the defendant promised to come over on the next Saturday and make every thing satisfactory to him, but that he never came to see him again; and that he never presented any other account.

It is very plain upon this testimony, which we must infer the judge below believed, that the plaintiff never acquiesced in the correctness of the account; that what he requested after the receipt of the first account had never been complied with, and that nothing had been done by him from which the law would imply that acquiescence, which constitutes and is essential to an account stated. The plaintiff had never had, according to his own testimony, such an account of the sales made of his property as he was entitled to, and the judgment directing an accounting, therefore, ought to be sustained.

The letters to which the appellant refers do not, as he claims, contradict the plaintiff's statement, and are not necessarily inconsistent with the account which he gives of what occurred.

In respect to the receipt of the $2,900, the plaintiff says : " I got what I could from him," which may very well have been his feeling, after having applied so many times for the account of the sales, without obtaining it.

The appellant also claims that the account rendered was correct ; which, however, we cannot infer when the plaintiff testifies that the defendant had told him that he had sold portions of the fish for a higher price than appears in the account; and that the defendant himself conceded that there might be errors in respect to the storage and the cartage. There is also the conflict in respect to the defendant's taking notes for a sale amounting to $628.

None of the objections to the findings are well taken. If the judge believed, as we must assume, the plaintiff's testimony, he would not have been warranted in finding that the account rendered was true and correct ; nor that the plaintiff received all the information from the book-keeper and the defendant that he requested. On the contrary, the plaintiff's testimony shows that such was not the fact.

The 10th request to find was immaterial. The defendant's statement that the account was such as is usually rendered by persons doing a commission business in New York, would not conclude the plaintiff in respect to an account

in which, as a matter of fact, there were certain specific errors, as he supposed, in respect to which he required explanation, and which the defendant himself partially conceded.

The judgment for an accounting should, therefore, be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed.